# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| OSAIC WEALTH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER AMBROSE AND JEAN AMBROSE, AS TRUSTEES OF THE JEAN AMBROSE AND CHRISTOPHER AMBROSE TRUST, GWEN GORMAN, ROBERT GORMAN, THOMAS HARROLD, CARL PEDIGO, AND JOHN STRATTON,<br><br>Defendants. | Case No. 1:24-cv-12657<br><br>**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF OSAIC WEALTH, INC. (NOS. 1-16)** |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-16) TO PLAINTIFF OSAIC WEALTH, INC.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants hereby request that Plaintiff Osaic Wealth, Inc. produce the following documents and things at the offices of Gana Weinstein LLP, 3706 North Greenview Ave., Suite 100, Chicago, IL 60613, or at such other place as may be mutually agreeable to counsel, within fourteen (14) days from the date of service hereof.

**DEFINITIONS**

The words and phrases used in these requests for production shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Civil Local Rules of the United States District Court for the Northern District of Illinois. In addition, the following definitions shall apply whenever such words and phrases are used in any of the requests for production below:

1. "Defendants" means each and all of the above-named Defendants, individually and collectively, as well as any agent, employee, member, manager, officer, director, partner (limited or general), successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative, or other person (as defined herein) acting or purporting to act on their behalf.

2. "Osaic" or "Plaintiff" means Osaic Wealth, Inc. and Triad Advisors LLC, individually and/or collectively, as well as any agent, employee, member, manager, officer, director, partner (limited or general), successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative, or other person (as defined herein) acting or purporting to act on their behalf.

3. "Walesa" means James Walesa, as well as any agent, employee, member, manager, officer, director, partner (limited or general), successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative, or other person (as defined herein) acting or purporting to act on his behalf.

4. "Luccioni" means Kenneth Luccioni, as well as any agent, employee, member, manager, officer, director, partner (limited or general), successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative, or other person (as defined herein) acting or purporting to act on his behalf.

5. "Biosca" means Debra Biosca, as well as any agent, employee, member, manager, officer, director, partner (limited or general), successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative, or other person (as defined herein) acting or purporting to act on her behalf.

6. "Denari" means Stephen Denari, as well as any agent, employee, member, manager, officer, director, partner (limited or general), successor, predecessor, parent, subsidiary, investigator, attorney, accountant, representative, or other person (as defined herein) acting or purporting to act on his behalf.

7. "Brokers" shall mean Walesa, Luccioni, Biosca or Denari, individually and

collectively.

8. “You” and “your” mean Osaic. “You” and “your” shall be interpreted and applied in the way that makes the request broadest and most inclusive.

9. “Litigation” means the present action, Case No. 1:24-cv-12657 in the United States District Court for the Northern District of Illinois.

10. “Investments” means Atlas Growth Partners, LJM; Cibolo Creek Partners; Trident Healthcare; Longhorn Lodging; Shadow Retail; Farm to Market Development; Hill Country Partners; Allied Integral United d/b/a Clearday; Round Rock Development Partners; Citadel Explorations; SitePro (f/k/a Amplisine Labs); and Gadsden Properties, as well as any successor, predecessor, parent, or subsidiary.

11. “Document(s)” has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34, and the relevant case law, and the broadest meaning consistent with the terms “writings” or “recordings” as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation includes tangible things and electronically stored information. “Document(s)” shall be construed to include, without limitation, each and every writing, whether an original, a draft, or a copy, however produced or reproduced, and each and every thing from which information can be processed or transcribed, as well as any non-final versions, alterations, modifications, and amendments to any of the foregoing. “Document(s)” include, without limitation, any book, pamphlet, periodical, letter, communication (as defined herein), correspondence, telegram, any information stored on computer disks or other electronic, magnetic, or optical data storage medium, electronic mail (e-mail), online chat log, text messages, hard drive, Internet website, tax return, memorandum, interoffice communication, working paper, record, study, paper, diary, drawings, specification, appointment books, calendar, work sheet, data processing card or tape, recordings, transcriptions thereof; and all other memorials of any conversations, meetings, and conferences by telephone or otherwise; and any other writing and/or recording, however produced or reproduced, including but not limited to

handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electrical recording or other form of data compilation, photographs, slides, x-rays, motion pictures, videotapes, audiotapes, records and disks, CD-ROM, computer data disk, and any tangible things of any nature whatsoever. A draft or non-identical copy that contains marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate document within the meaning of this term.

12. "Communication(s)" has the broadest meaning permitted under the Federal Rules of Civil Procedure, and includes the transmittal of information in the form of facts, ideas, inquiries, or otherwise by any means, including, but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including, but not limited to, in person or by telephone, facsimile, voicemail, telegraph, telex, e-mail, text message, instant message, computer, personal delivery, electronic message, or any other manner or medium.

13. "Relating to" or "related to" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

14. The singular form of a word shall be interpreted as plural, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

15. The terms "and" and "or" shall be construed either disjunctively or conjunctively, whichever makes the requests for production most inclusive.

16. The term "all" is to be construed to mean "any" and "each," and vice versa.

17. "Including" shall be construed to mean "including, without limitation" or

"including, but not limited to."

18. "Complaint" means the complaint Osaic filed in this litigation.

19. "Person" or "persons," means any natural person, corporation, business trust, estate, trust, partnership (limited or general), limited liability company, association, joint venture, government, governmental subdivision or agency, or any other legal or commercial entity.

## INSTRUCTIONS

The following instructions apply to the requests for production below and should be considered part of each request.

1. You are requested to provide all responsive documents, electronically stored information, and things. If you withhold any requested documents, electronically stored information, or things responsive to these requests for any reason, you are requested to state the basis for withholding the documents, electronically stored information, or things in a manner sufficient to enable Defendant and the Court to evaluate the validity of the withholding. For any information withheld on the grounds of privilege, work product, or other alleged protections against disclosure, you are instructed to provide at least the following information:

a. A description of the document, electronically stored information, or thing withheld;

b. The place, date, and manner of recordation or preparation of the document, electronically stored information, or thing was prepared;

c. The type or general nature of the document, electronically stored information, or thing (e.g., whether it is a letter, memorandum, minutes of a meeting, database, spreadsheet, etc.);

d. The name, title, and company affiliation of the person(s) who created the document, electronically stored information, or thing;

e. The name, title, and company affiliation of the person(s) who sent the document, electronically stored information, or thing;

f. The name, title, and company affiliation of the person(s) who received the document, electronically stored information, or thing;

g. For any document or electronically stored information containing a signature, whether physical or electronic, the name, title, and company affiliation of the person who signed the document or electronically stored information;

h. The name, title, and company affiliation of each person to whom the document, electronically stored information, or thing has been disclosed;

i. The name, title, and company affiliation of each person who maintains custody of the document, electronically stored information, or thing;

j. A description of the general subject matter of the document, electronically stored information, or thing; and

k. A description of the basis for withholding the document, electronically stored information, or thing, sufficient to permit the Court to evaluate your basis for withholding it.

2. All requests should be given their broadest reasonable construction, so as to bring within their scope all documents, electronically stored information, and things that might otherwise be considered beyond their scope. In particular:

a. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, whenever appropriate in order to bring within the scope of any request documents, electronically stored information, or things that might otherwise be considered beyond its scope;

b. The terms “and” and “or” should be construed either disjunctively or

conjunctively, whichever makes the request most inclusive; and

c. The word "any" should be construed to mean each and every.

3. If you object to any request on the ground that it is ambiguous in whole or in part, identify in the objection the particular language that you contend is ambiguous and state the interpretation of that language that you have used to identify responsive documents, electronically stored information, or things.

4. If you object to any portion of any request for any reason, you are instructed to produce documents, electronically stored information, and things in response to all portions of the request to which its objection does not apply.

5. None of the definitions and instructions or the requests set forth below should be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request.

6. These requests are ongoing and continuing in nature. You are requested to supplement your responses in accordance with Federal Rule of Civil Procedure 26(e).

7. In the event that multiple copies of a document exist, you should produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

8. If any of the documents requested herein are no longer in your possession, custody, or control, you are requested to identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and to provide a summary of its pertinent contents. Please also identify the person or entity in whose possession, custody, or control the document was last known to reside.

9. If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

10. The documents produced in response to these requests shall be organized and

designated to correspond to the categories in these requests or, if not, produced in the same file or manner as they are maintained in the normal course of business, and in either case:

a. all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file and each file shall be identified as to its owner or custodian;

b. all documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies;

c. all photocopies shall be stapled or clipped as the originals; and

d. each page shall be given a discrete production number.

11. Whenever possible, produce documents responsive to individual requests as soon as possible and without waiting to produce documents responsive to other requests.

12. If you represent an inability to comply with a particular demand for production, you shall affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the Request. Your statement should specify the reason you cannot comply, and shall set forth the name and address of any person known or believed by you to have possession, custody, or control of the document or category of documents.

13. The Documents requested shall be deemed to include any and all responsive Documents within the possession, custody, or control of Osaic, including Documents located in the personal files of any and all past and present directors, officers, agents, representatives, and employees of Osaic, and other Persons or entities acting on Osaic's behalf.

14. Any storage devices, servers or file transfer sites, computers, tablets, phones, or other personal computing devices must be produced in a format that maintains all related documentation, metadata, log files, deleted files, or other materials, and Osaic shall preserve all Documents to which a duty of preservation attaches in a format that maintains all related documentation, metadata, log files, deleted files, or other materials.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents referring or relating to the Defendants, including, without limitation, files, communications to, from, or relating to Defendants, executed agreements, draft agreements, documents created by Defendants or with his assistance, and any oral agreements referring or relating to the Defendants and/or between you and the Defendants.

**REQUEST NO. 2:**

All documents referring or relating to the Investments, including, without limitation, documents prepared or used by Plaintiff during the relevant time period relating to the Investments, including research reports, performance or risk data, prospectuses, other offering documents, analyses, diligence files.

**REQUEST NO. 3:**

All communications referring or relating to the Investments, including all communications to, or from the Investments or any agent or purported agent of the Investments.

**REQUEST NO. 4:**

All agreements with or concerning the Investments, including both executed agreements and draft agreements.

**REQUEST NO. 5:**

All supervisory and compliance manuals in effect during the time period 2010 through 2024.

**REQUEST NO. 6:**

All documents concerning any compensation received or to be received by Plaintiff, or the Brokers, directly or indirectly, in connection with the Investments.

**REQUEST NO. 7:**

All communications by and between the Plaintiff and the Financial Industry Regulatory Authority, or any other securities regulator, referring or relating to the Investments or the Brokers, including copies of any and all documents provided to such regulators.

**REQUEST NO. 8:**

All documents referring or relating to Plaintiff's policies and procedures regarding outside business activities and private securities transactions.

**REQUEST NO. 9:**

All documents referring or relating to Plaintiff's method of supervision, including Compliance Department policies and procedures, email monitoring records, telephone surveillance records, and any other documentation of supervision over the Brokers' activity).

**REQUEST NO. 10:**

All documents or materials referring or relating to examination(s) or inspection(s) by Plaintiff's compliance department or supervisors of the branch offices in which the Brokers worked.

**REQUEST NO. 11:**

All documents referring or relating to Plaintiff's approval or supervision of the Brokers' use of third-party email accounts, including, but not limited to Gmail, Yahoo, and Hotmail.

**REQUEST NO. 12:**

All documents referring or relating to the Brokers' participation in outside business activities and/or private securities transactions, including but not limited to documents relating to Plaintiff's supervision over the Brokers' participation in outside business activities and/or private securities transactions.

**REQUEST NO. 13:**

All documents referring or relating to any agreements between Plaintiff and any third party trust companies or other self-directed IRA custodians.

**REQUEST NO. 14:**

All documents, electronically stored information and tangible things including without limitation communications to or from your employees, agents, or representatives referring or relating to the subject matter of this litigation.

**REQUEST NO. 15:**

All documents that indicate the location or possible location of any documents sought by any of Defendants' requests, which are not produced in response to those requests.

**REQUEST NO. 16:**

All documents produced by any party in the FINRA Arbitrations captioned *Richard Mertz, et al. v. Triad Advisors LLC v. Debra L. Biosca* (FINRA No. 23-03651) and Michael Zima, et al. vs. Triad Advisors LLC (FINRA No. 24-01626). In lieu of reproduction, Defendants will stipulate that the parties can use those documents already in the possession of counsel.

Dated: March 10, 2025

Respectfully Submitted,

/s/ Adam Gana____________

Adam Gana
**GANA WEINSTEIN, LLP**
3706 North Greenview Ave., Suite 100
Chicago, IL 60613
Telephone: (646) 404-0000
agana@ganallp.com

Jonathan Kurta
**KURTA LAW**
295 Madison Ave, Suite 705
New York, NY 10017
Telephone: (212) 658-1502
jkurta@kurtalawfirm.com

## CERTIFICATE OF SERVICE

I, hereby certify that on March 10, 2025, I caused to be served, by electronic mail, the foregoing **DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-16) TO PLAINTIFF OSAIC WEALTH, INC.)** upon opposing counsel at the following address(es):

Scott Sherman, Esq.
**NELSON MULLINS**
Atlantic Station, Suite 1700
201 17th Street NW
Atlanta, GA 30363
scott.sherman@nelsonmullins.com

DATED: March 10, 2025

*/s/ Adam Gana*